UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHEEM JONES, *et al.*,<br><br>            Plaintiffs,<br><br>       v.<br><br>CITY OF SACRAMENTO BOARD OF SUPERVISORS, *et al.*,<br><br>            Defendants. | Case No. 2:25-cv-0864-DJC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Raheem Jones and Anthony Hall filed this action in Sacramento Superior Court against the City of Sacramento Board of Supervisors and Sacramento City Police Department. Before filing an answer, defendants removed this action on the basis of federal question jurisdiction. Defendants have filed a motion to dismiss, and plaintiffs have filed a motion to remand. For the reasons discussed below, I recommend that defendants' motion be granted and that plaintiffs motion be denied.

**Motion to Remand**

**I. Legal Standard**

A suit filed in state court may be removed if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in

1

state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

## II. Analysis

Plaintiffs move to remand, arguing that the federal claims are not substantial and are merely incidental to their state law claims. ECF No. 5 at 2. Plaintiffs additionally contend that their federal claims are not independent of their state law claims. *Id.* at 4. Defendants argue in response that the complaint contains numerous federal claims, and that this provides the court with jurisdiction. ECF No. 9.

The court is satisfied that federal question jurisdiction exists. The complaint alleges claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; 42 U.S.C. § 1983, 42 U.S.C. §§ 1985, 1986, 14141; and 18 U.S.C. §§ 241, 242. ECF No. 1 at 12.

**Motion to Dismiss**

## I. Legal Standard

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility

1   when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2   that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3   (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

4   requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

5   Iqbal, 556 U.S. at 678.

6         For purposes of dismissal under Rule 12(b)(6), the court generally considers only

7   allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

8   subject to judicial notice, and construes all well-pleaded material factual allegations in the light

9   most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

10  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

11        Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

12  theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d

13  at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

14  claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

15  **II.   Analysis**

16        Plaintiffs allege that on June 8, 2023, Sacramento Police officers detained plaintiff Jones

17  for twenty to thirty minutes and searched his tent. ECF No. 1 at 8.  The officers told Hall that

18  Jones was on probation, which allowed them to conduct the search. *Id.*  In response to the search,

19  Hall called the Sacramento Probation Department, which stated that the probation department had

20  not sent the police to search Jones.  Plaintiffs allege that at one point during the incident, the

21  officers yanked Jones to the ground with unreasonable force. *Id.*

22        On their form complaint, plaintiffs check the boxes for general negligence, intentional

23  tort, and include a reference to 42 U.S.C. § 1983. *Id.* at 7.  Later in the complaint, plaintiffs list

24  violations of the Fourth, Fifth, Eighth, Fourteenth Amendments; sections Seven and Thirteen of

25  the California Constitution, 42 U.S.C. §§ 1983, 1985, 1986, 14141; and 18 U.S.C. §§ 241, 242.

26  *Id.* at 12.

27        Defendants argues that the complaint must be dismissed for four reasons. ECF No. 4-1 at

28  2. First, they argue that the complaint is vague and consists primarily of conclusory allegations.

3

1  Defendants next argue that Hall lacks standing because he was only a bystander and not involved
2  in the incident. *Id.* at 2-3.  Third, they argue that plaintiffs' negligence claims are improper
3  because defendants are public entities.  *Id.* at 4.  Finally, they argue that plaintiffs failed to
4  exhaust their administrative remedies under the California Tort Claims Act.

### A. Halls' Standing

Turning first to defendants' standing argument, plaintiffs contend that Hall has standing to sue because he was "directly affected by the defendant's [sic] actions." ECF No. 10-1 at 10. They also argue that Hall can act as a legal representative for Jones. *Id.* at 3.

I agree with defendants that Hall should be dismissed because he lacks standing to assert a claim on Jones' behalf. To have standing, a plaintiff must show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). The complaint contains no allegations of any alleged wrongdoing against Hall. Indeed, the complaint appears to focus solely on the allegedly unlawful search and seizure of Jones. Hall cannot assert Jones's harm as his own claim. *See Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.") (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)).

Moreover, Hall, proceeding pro se, cannot represent Jones. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (pro se plaintiffs are generally prohibited "from pursuing claims on behalf of others in a representative capacity"). Because the complaint contains no allegations of harm to Hall, I recommend that Hall be dismissed without leave to amend.

### B. Federal Claims

Plaintiffs' complaint does not state a claim for violations of §§ 1983, 1985, or 1986. To state a claim for relief under § 1983, a plaintiff must plead two essential elements: (1) that the individual defendants acted under color of state law; and (2) that they caused her to be deprived of a right secured by the Constitution and laws of the United States." *Johnson v. Knowles*, 113

F.3d 1114, 1117 (9th Cir. 1997). A person acts under color of state law if he or she "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Plaintiffs have failed to articulate how defendants violated their constitutional rights. Plaintiffs seem to base their § 1983 claims on violations of their Fourth, Fifth, Eighth, and Fourteenth Amendments rights, but they allege no facts to support such claims. For example, the complaint alleges that Jones was detained, and his tent was searched. But those conclusory allegations do not give rise to a plausible inference that an unconstitutional search or seizure of plaintiffs occurred. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.") (quotations omitted).

Regarding plaintiffs' § 1985 and 1986 claims, "Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim-Panehi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiffs' § 1986 claim, therefore, is dependent on their § 1985 claim. Similarly, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (1989).

The complaint fails to identify which part of § 1985 their claim is premised upon. Section 1985(1) is inapplicable since there is no allegation that plaintiffs were federal officers or prospective federal officers. *See Whitehorn v. F.C.C.*, 235 F. Supp. 2d 1092, 1101 (D. Nev. 2002) ("Section 1985(1) affords protection only to federal officers and prospective federal officers."). Sections § 1985(2) and (3) are equally inapplicable. Section 1985(2) requires evidence of "conspiracies to interfere with the administration of justice in federal courts" or "conspiracies to interfere with justice in state courts 'with intent to deny any citizen' '*due and equal protection* of the laws[.]'" *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (emphasis in original). Similarly, § 1985(3) requires evidence of "private conspiracies to deny 'any person

1   or class of persons . . . the *equal protection* of the laws,'" and "conspiracies to interfere with
2   voting in federal elections." *Id.* at 1028-29 (emphasis in original).  There are no allegations that
3   defendants were involved in any conspiracy.  And since plaintiffs do not state a claim under
4   § 1985, they do not have a valid claim under § 1986.  *See Karim-Panahi v. L.A. Police Dep't*, 839
5   F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section 1986 only if the complaint
6   contains a valid claim under section 1985.").

7       Finally, plaintiffs may not seek relief under 18 U.S.C. §§ 241 and 242, which are criminal
8   statutes that provide no basis for civil liability.  *Allen v. Gold Country Casino*, 464 F.3d 1044,
9   1048 (9th Cir. 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).
10  Accordingly, the alleged violations of federal criminal statutes fail to state claims upon which
11  relief may be granted.

12   **C. State Law Claims**

13      Plaintiffs' remaining claims allege violations of California law.  Because the complaint
14  fails to establish diversity jurisdiction, the court's jurisdiction depends on whether plaintiffs assert
15  a claim arising under federal law.[1]  *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am.*
16  *World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must
17  specifically allege diverse citizenship of all parties to invoke diversity jurisdiction).  Since
18  plaintiffs have not stated a federal claim, the court should decline to exercise supplemental
19  jurisdiction over plaintiff's state law claims. and dismiss those claims without prejudice.  *See* 28
20  U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction over claim where "court
21  has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v.*
22  *Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are
23  eliminated before trial, the balance of factors to be considered under the pendent jurisdiction
24  doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to
25  exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v.*
26  *Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a

---

[1] The complaint does not allege diversity of the parties.

6

1  matter of comity and to promote justice between the parties, by procuring for them a surer-footed
2  reading of the applicable law.").

3  If Jones decides to file an amended complaint, the amended complaint will supersede the
4  current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).
5  This means that the amended complaint will need to be complete on its face without reference to
6  the prior pleading. *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the
7  current complaint no longer serves any function.  Therefore, in an amended complaint, as in an
8  original complaint, plaintiffs will need to assert each claim and allege each defendant's
9  involvement in sufficient detail.  The amended complaint should be titled "First Amended
10 Complaint" and refer to the appropriate case number.  If Jones do not file an amended complaint,
11 I will recommend that this action be dismissed.

12 Accordingly, it is hereby RECOMMENDED that:

13 1. Defendants' motion to dismiss, ECF No. 4, be GRANTED.

14 2. Plaintiff Hall's claims be dismissed without leave to amend for lack of standing.

15 3. Plaintiff Jones's federal claims be dismissed with leave to amend.

16 4. The court decline to exercise supplemental jurisdiction over plaintiffs state law claims.

17 5. Plaintiffs' motion to remand, ECF No. 5, be DENIED.

18 6. Plaintiff Jones be granted thirty days of any order adopting these findings and
19 recommendations to file a first amended complaint.  Failure to do so will result in a
20 recommendation that this action be dismissed.

21 These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
23 service of these findings and recommendations, any party may file written objections with the
24 court and serve a copy on all parties.  Any such document should be captioned "Objections to
25 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
26 within fourteen days of service of the objections.  The parties are advised that failure to file
27 objections within the specified time may waive the right to appeal the District Court's order.  *See*
28

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

8