UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHEEM JONES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SACRAMENTO BOARD OF SUPERVISORS, *et al.*, <br><br> Defendants. | Case No. 2:25-cv-0864-DJC-JDP (PS) <br><br> ORDER; FINDINGS AND RECOMMENDATIONS |

      Defendant City of Sacramento filed a motion to dismiss, which is currently set for hearing on November 6, 2025. ECF Nos. 26 & 28. After plaintiffs failed to timely respond to that motion, I continued the hearing on defendant's motion and ordered plaintiffs to show cause why sanctions should not be imposed for their failure to comply with the court's local rules. ECF No. 28. I also ordered plaintiffs file an opposition or statement of non-opposition to defendant's motion by no later than October 16, 2025. *Id.* I warned plaintiffs that failure to comply with that order could result in a recommendation that this action be dismissed. *Id.* The deadline has passed, and plaintiffs have not filed an opposition to defendant's motion or otherwise responded to the court's order.

      The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

1  comply with these Rules or with any order of the Court may be grounds for imposition by the
2  Court of any and all sanctions . . . within the inherent power of the Court.").

3       A court may dismiss an action based on a party's failure to prosecute an action, failure to
4  obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
5  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
6  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
7  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
8  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
9  *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
10 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
11 prosecution and failure to comply with local rules).

12      In recommending that this action be dismissed for failure to comply with court orders, I
13 have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
14 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
15 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
16 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

17      Here, plaintiffs failed to respond to the order directing them to show cause why this action
18 should not be dismissed. *See* ECF No. 28. Therefore, the public interest in expeditious resolution
19 of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all
20 support imposition of the sanction of dismissal. Lastly, my warning to plaintiffs that failure to
21 obey court orders will result in dismissal satisfies the "considerations of the alternatives"
22 requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.
23 The October 1, 2025 order expressly warned plaintiffs that their failure to comply with court
24 orders would result in dismissal. ECF No. 28. Plaintiffs had adequate warning that dismissal
25 could result from their noncompliance. I therefore find that the balance of factors weighs in favor
26 of dismissal.

27      Accordingly, it is hereby ORDERED that the November 6, 2025 hearing on defendant
28 City of Sacramento's motion to dismiss is vacated.

Further, it is RECOMMENDED that:

1. This action be dismissed without prejudice for failure to prosecute, failure to comply with the court's local rules, and failure to comply with court orders.

2. Defendant City of Sacramento's motion to dismiss, ECF No. 26, be denied as moot.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  October 31, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3